**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **WILLIAM F. SMITH, JR.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 3:18-CV00170-MHL** |
| **AMAZON.COM.KYDC, LLC,** | |
| **Defendant.** | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Amazon.com.kydc, LLC hereby submits the following Memorandum of Law in support of its Motion to Dismiss Plaintiff William F. Smith, Jr.'s complaint, filed as a Bill of Particulars in the Chesterfield County Circuit Court. For the reasons set forth below, Amazon respectfully requests that the Court dismiss Plaintiff's complaint with prejudice.

## I.     INTRODUCTION

Plaintiff, a former Amazon employee, has asserted claims for violation of the Americans with Disabilities Act (ADA) and the Sixth Amendment of the U.S. Constitution. Plaintiff's ADA claim is subject to dismissal for two reasons. First, the complaint is time barred. The U.S. Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Dismissal and Notice of Rights on December 30, 2016, which is presumed received on January 2, 2017. The ninety-day statutory deadline for filing a complaint was April 2, 2017; however, Plaintiff did not file his complaint until June 1, sixty days after the limitations period expired. Because Plaintiff's claims are time barred, his complaint should be dismissed.  Second, Plaintiff's complaint fails to state a claim on

which relief can be granted. Plaintiff cites the ADA, but he does not allege facts that would support a claim under the ADA. Rather, Plaintiff alleges that an employer cannot request that an employee disclose information about health conditions that arise during employment. This allegation does not suggest a violation of the ADA.

Plaintiff also claims that Amazon violated his rights by terminating his employment without a fair trial, including rights under the Sixth Amendment of the U.S. Constitution. This allegation is likewise deficient. The Sixth Amendment does not apply to employment terminations, and Plaintiff was an at-will employee whose employment could be terminated at any time and for any reason, with or without notice. For these reasons and as set forth more fully below, this Court should dismiss Plaintiff's complaint in its entirety.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    EEOC Charge of Discrimination[2]

On December 27, 2016, Plaintiff filed a Charge of Discrimination with the EEOC alleging that Amazon violated the ADA. (Ex. A.) The EEOC issued a Dismissal and Notice of Rights to Plaintiff on December 30, 2016. (Ex. B.) Plaintiff is presumed to have received the Dismissal and Notice of Rights on January 2, 2017.

---

[1] For purposes of this motion only, Amazon treats the allegations contained in Plaintiff's complaint as true. See, e.g., Smith v. Frye, 488 F.3d 263, 266 (4th Cir. 2001); Anderson v. ITT Indus. Corp., 92 F. Supp. 2d 516, 517 n.2 (E.D. Va. 2000) ("The facts recounted here are derived from the complaint's allegations, and are assumed to be true solely for the purpose of disposing of the threshold dismissal motion at bar.")

[2] At the 12(b)(6) stage, this Court may consider Plaintiff's charge documents and the EEOC's dismissal and right-to-sue letter without converting this motion to dismiss into a motion for summary judgment. See Davis v. Navy Fed. Credit Union, No. 1:11-CV-01282-JCC/TCB, 2012 WL 73233, at *3 (E.D. Va. Jan. 10, 2012), aff'd, 474 F. App'x 398 (4th Cir. 2012). Both documents are integral to the administrative history of Plaintiff's complaint, and their authenticity is not disputed. See Id. Furthermore, "the charge and right-to-sue letter are public documents of which the Court may take judicial notice." Id.

### B.     Plaintiff's State Court Action

On June 1, 2017, Plaintiff filed this action in Chesterfield County Circuit Court. (Dkt. 1, Ex. B.) Amazon was served with a Notice of Filing of Appeal on July 11, 2017 and thereafter obtained a copy of the Civil Cover Sheet, Complaint, and filing receipt. (Id.) On February 13, 2018, Plaintiff faxed counsel for Amazon a Notice of Hearing, which set a pre-trial hearing for February 16 at 9:00 a.m. (Id.) At the hearing, Circuit Court Judge Timothy J. Hauler ordered Plaintiff to file a Bill of Particulars specifying his claims. On February 23, 2017, Plaintiff filed a Bill of Particulars alleging for the first time that Amazon violated the ADA. (Id.) Plaintiff also alleges that his Sixth Amendment rights were violated because he did not receive a fair trial with respect to the separation of his employment. (Id.) After being put on notice for the first time by Plaintiff's February 23, 2017 Bill of Particulars that Plaintiff was alleging an ADA claim, Amazon timely removed the lawsuit. (Id.) The allegations in Plaintiff's Bill of Particulars fail to state a claim and, therefore, Amazon respectfully requests that the Court dismiss Plaintiff's complaint with prejudice.

## III.    LEGAL STANDARD

Rule 12(b)(6) is designed to allow courts to "streamline[] litigation by dispensing with needless discovery and factfinding" and eliminating baseless claims.  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). When "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007) (citations and internal quotation marks omitted); accord, Ashcroft v. Iqbal, 556 U.S. 662 (2009). A court must dismiss a complaint that fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

IV.     **ARGUMENT**

A.      **Plaintiff's ADA Claim Is Time Barred**

Before initiating a lawsuit under Title VII or the ADA, which adopts the administrative

procedures applicable to Title VII, a plaintiff must exhaust his administrative remedies by filing

a charge with the EEOC. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002);

Smith v. First Union Nat'l Bank, 202 F.3d 234, 247-48 (4th Cir. 2000). After review, if the

EEOC determines that the plaintiff's charge of discrimination is unfounded or that dismissal is

appropriate, the EEOC issues a right-to-sue letter informing the plaintiff of the dismissal of his

charge and of his right to seek remedies under the ADA through a court proceeding. See Lewis

v. Norfolk S. Corp., 217 F. Supp. 2d 807, 811 (E.D. Va. 2003). A plaintiff who seeks to pursue

his claims in court must file a complaint within ninety days of receipt of the EEOC's right-to-sue

letter.[3] Christian v. So & Kim, Inc., No. 03-CV-505, 2003 WL 24004549, at *1 (E.D. Va. Nov.

20, 2003), aff'd, 103 F. App'x 756 (4th Cir. 2004). A plaintiff who fails to file suit within that

ninety-day window "generally forfeits her right to pursue her claim." Id. (citing Baldwin Cty.

Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 (1984)).

The ninety-day deadline under Title VII and the ADA is akin to a strict statute of

limitations. See Aziz v. Orbital Scis. Corp., 165 F.3d 17, 1998 WL 736469, at *1 (4th Cir. 1998)

(unpublished table decision); see also Lewis, 271 F. Supp. 2d at 811 ("The ninety-day

requirement operates as a statute of limitations that bars subsequently filed suits."). Accordingly,

courts in the Fourth Circuit rigorously enforce the statutory deadline. Carter v. Montgomery Cty.

Recreation Dep't, No. CIV.A DKC 13-2384, 2013 WL 6858873, at *3 (D. Md. Dec. 27, 2013)

(citing Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987)). The fact

---

[3] Receipt of the EEOC's right-to-sue letter is presumed to occur three days after the date it is
issued. See Knights v. Stihl Inc., No. 2:10CV260, 2013 WL 12099375, at *1 (E.D. Va. July 26,
2013).

that a plaintiff is proceeding pro se does not excuse a failure to comply with the ninety-day filing deadline. Shelton v. Atl. Bingo Supply Co., 2011 WL 4985277, at *2 (D. Md. Oct. 17, 2011) ("Despite Plaintiff's pro se status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases.").

Here, the EEOC issued a right-to-sue letter to Plaintiff on December 30, 2016, which Plaintiff is presumed to have received on January 2, 2017. (Ex. B.) Therefore, Plaintiff had ninety days, or until April 2, 2017, to file a complaint raising his ADA claim in state or federal court. See 42 U.S.C. § 12117, incorporating § 2000e-5(f)(1); Harvey, 813 F.2d at 654. Plaintiff filed his complaint in the Chesterfield County Circuit Court on June 1, 2017, sixty days after the limitations period had expired. As such, Plaintiff's ADA claim is time barred and should be dismissed.

## B.     In Additional To Being Untimely, Plaintiff's ADA Claim Is Deficient As A Matter of Law

Taking the statements in Plaintiff's complaint at face value, there is no viable cause of action apparent from those statements. To establish a prima facie case under the ADA, a plaintiff must show that (1) he was disabled for purposes of the ADA; (2) he was qualified to perform the job in question; and (3) he was discharged under circumstances that raise a reasonable inference of discrimination. Chamberlain v. Valley Health Sys., Inc., 781 F. Supp. 2d 305, 310 (W.D. Va. 2011). Plaintiff does not allege facts that would establish any of these elements—he does not allege that he is disabled under the ADA; he does not allege that he was qualified to perform his job; and he does not identify any circumstances that raise an inference of discrimination. Instead, he makes the conclusory, inaccurate assertion that "[e]mployers cannot request that an employee discloses information about any health conditions that arise during employment" (Bill of Particulars, ¶ 2), without putting forth any facts that suggest a violation of that principle. Even if

5

he could, his assertion is a misstatement of the law and does not support any legal claim. See 42

U.S.C. § 12112(d)(4)(A); White v. Metro. Wash. Airports Auth., (E.D. Va. May 5, 2017)

(recognizing that employers may make inquiries regarding disabilities in certain circumstances).

While Plaintiff states that employers are required to make reasonable adjustments to

support employees in their work (Bill of Particulars, ¶ 2), he does not allege any facts to suggest

that he might be attempting to plead a reasonable accommodation claim, and the Court "may not

construct the plaintiff's legal arguments for him." Wright v. AFL Telecomms., No. 7:12-CV-

00553, 2012 U.S. Dist. LEXIS 156275, at*7 (D.S.C. Sept. 19, 2012). Thus, Plaintiff has not

stated a claim under the ADA upon which relief can be granted.

### C.    Plaintiff's Sixth Amendment Claim Is Not Viable And Should Be Dismissed

Plaintiff cannot bring a claim against Amazon for violating his Sixth Amendment rights.

The Sixth Amendment to the U.S. Constitution guarantees the rights of criminal defendants (i.e.,

the right to a trial without delay and to a lawyer, etc.), but only applies to criminal prosecutions.

The termination of Plaintiff's employment was not a criminal prosecution. In Virginia, Plaintiff

has no right to a "fair trial" with respect to the termination of his employment because he was

employed at will, meaning his employment could be terminated at any time and for any reason,

with or without advance notice. See, e.g., Rowan v. Tractor Supply Co., 559 S.E.2d 709, 710-11

(Va. 2002). As such, there is no cognizable claim for violation of Plaintiff's Sixth Amendment

rights in this context, and Plaintiff's claim should be dismissed.

### D.    Plaintiff Has Not Stated A Claim For Wrongful Termination

Although not alleged in his Bill of Particulars, Plaintiff's original filing stated that he

filed suit against Amazon for "wrongful termination based on the questions of their investigation

which included my disability that led to my termination of my employment with Amazon." (Dkt.

1, Ex. B.) To the extent Plaintiff seeks to assert a common law claim for wrongful termination, it

should be dismissed. Virginia's narrow exception to the at-will employment rule for plaintiffs who allege wrongful termination in violation of public policy does not apply here because neither Virginia's anti-discrimination statutes nor federal law can serve as the public policy on which such a claim must be based. Bowman v. State Bank of Keysville, 229 Va. 534 (1985) (establishing public policy exception to at-will employment); Conner v. Nat'l Pest Control Ass'n, Inc., 257 Va. 286, 288-90 (1999) (holding that Virginia "eliminated a common law cause of action for wrongful termination based on any public policy which is reflected in the [Virginia Human Rights Act]"); Lamb v. Qualex, Inc., 28 F. Supp. 2d 374, 380 (E.D. Va. 1998) ("the courts of this district have unanimously held that the VHRA and analogous state statutes no longer provide the public policy basis for a *Bowman* cause of action"); Peele v. Ent. Leasing Co. of Norfolk/Richmond, 979 F. Supp. 1069, 1071-72 (E.D. Va. 1997) ("a wrongful discharge case in Virginia must be premised on Virginia public policy expressed in an identified, specific Virginia statute, rather than a federal statute"). Accordingly, Plaintiff cannot bring a wrongful termination claim against Amazon, and the Court should dismiss any such claim.

## V.    CONCLUSION

For the foregoing reasons, Amazon moves this Court to dismiss Plaintiff's complaint in full. Plaintiff's claims are time barred and fail to state cognizable causes of action on which relief can be granted. Given that Plaintiff's claims fail as a matter of law, there is no set of facts that Plaintiff can now allege that would salvage his claims. As such, the Court should dismiss Plaintiff's complaint with prejudice.

## VI.   *ROSEBORO* NOTICE

Pursuant to the requirements of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff is hereby advised of his right to file a response in opposition to this motion. Any such response must be filed within **twenty-one (21)** days of the date on which this motion is filed.

Plaintiff is further advised that the Court could dismiss this civil action on the basis of this motion if Plaintiff does not file a response. Plaintiff must identify all facts stated by Amazon in its motion with which Plaintiff disagrees, and Plaintiff must set forth his version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (written statements bearing a certificate indicating that they were signed under penalty of perjury). Finally, Plaintiff is advised that he is entitled to file a legal brief in opposition to the motion filed by Amazon.

Dated:  March 20, 2018                    Respectfully submitted,

                                          /s/ Jocelyn R. Cuttino
                                          Jocelyn R. Cuttino (VA Bar No. 81379)
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1111 Pennsylvania Avenue NW
                                          Washington, DC 20004
                                          Telephone:  (202) 739-3000
                                          Facsimile:  (202) 739-3001
                                          jocelyn.cuttino@morganlewis.com

                                          *Attorneys for Defendant Amazon.com.kydc, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2018, a copy of the foregoing document was served on

the following parties via certified mail:

William F. Smith, Jr.
30525 King William Road
West Point, VA 23181
Telephone: (804) 854-1837

*Plaintiff proceeding pro se*

/s/ Jocelyn R. Cuttino