IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIAM F. SMITH, JR.,**

    **Plaintiff,**

**v.**                                                                  **Civil Action No. 3:18cv170**

**AMAZON.COM.KYDC, LLC,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Amazon.com.kydc's ("Amazon") Motion to Dismiss.[1] (ECF No. 2.) Plaintiff William F. Smith, proceeding *pro se*, responded, and Amazon replied. (ECF Nos. 7, 8.) Accordingly, this matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. This Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2] For the reasons that follow, the Court will grant the Motion to Dismiss.

### I. Background

#### A. Procedural Background

On December 27, 2016, Smith filed a charge of discrimination based on disability against Amazon with the Equal Employment Opportunity Commission ("EEOC"). Smith asserted that

---

[1] Amazon provided Smith with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Smith alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, (the "ADA") and the Sixth Amendment to the United States Constitution.

Amazon "suspended and discharged [him] because of [his] disability." (Charge of Discrimination 5, ECF No. 1-1.) Upon investigation, the EEOC concluded that the information Smith provided did not establish any violations of the statute. In the Dismissal and Notice of Rights, issued on December 30, 2016, the EEOC granted Smith the right to sue Amazon under federal law, provided that Smith filed his lawsuit within 90 days of receiving the letter. On June 1, 2017, 152 days later, Smith filed a civil action for wrongful termination in the Circuit Court of Chesterfield County (the "Chesterfield Circuit Court").

On March 15, 2018, Amazon removed the case to this Court pursuant to 28 U.S.C. § 1441.[3] Amazon thereafter moved to dismiss Smith's complaint for failure to state a claim. (Def. Mot. to Dismiss 1, ECF No. 2.)

### B. Factual Background

In his charge of discrimination with the EEOC, Smith alleged the following facts:

> I was hired by [Amazon] on or about July 23, 2015, as a Packer. On or about December 8, 2016, I was informed my employment was suspended pending an investigation. During the investigation I cooperated and after my investigator asked if I had any medical conditions, I disclosed a disability. On December 13, 2016, my employment was terminated.
>
> I was informed the suspension and termination were due to accusations of workplace violence. I deny any wrongdoing of workplace violence.
>
> I believe that [Amazon] asked prohibited medical questions, suspended and discharged me because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

(Charge of Discrimination 5.)

In the Bill of Particulars Smith filed with the State Court, Smith restates his belief that Amazon violated the ADA by requesting him to disclose information about any health conditions

---

[3] "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending . . . ." 28 U.S.C. § 1441.

2

arising during employment. Smith also alleges that Amazon violated the Sixth Amendment to the United States Constitution[4] by not granting him a fair trial or hearing to contest the termination of his employment.

## II. Analysis

### A. Legal Standard

#### 1. Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions"

---

[4] The Sixth Amendment states, in relevant part, that "[i]n all *criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. CONST. amend. VI (emphasis added).

3

or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

### 2. Obligation to Construe *Pro Se* Pleadings Liberally

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action. *Id. (citation omitted)*. The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

### 3. The EEOC Charge Controls the Allegations this Court May Consider

In evaluating Smith's claims, the Court is bound by the scope of the allegations in Smith's EEOC Charge. *See, e.g., Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) ("In any subsequent lawsuit alleging unlawful employment practices under [the ADA], a federal court may only consider those allegations included in the EEOC charge."). If a plaintiff's ADA claims "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Id.* (internal citations and quotation marks omitted). Given that a plaintiff must exhaust administrative

4

remedies, staying within the scope of the EEOC charge assures that a federal court has jurisdiction over a claim. *Id.*

B. **Smith's Complaint is Time Barred**

"Before a plaintiff has standing to file suit under the ADA, he [or she] must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Once the EEOC has issued a right-to-sue notice, a plaintiff "has no more than ninety days following the . . . issuance . . . to file the action." *Lewis v. Norfolk Southern Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003). A plaintiff "who fails to file a complaint within the ninety-day statutory time period generally forfeits [his or] her right to pursue [his or] her claim. *Christian v. So & Kim, Inc.*, 2003 WL 24004549, at *1 (E.D. Va. Nov. 20, 2003), *aff'd*, 103 F. App'x 756 (4th Cir. 2004) (citing *Baldwin Cty. Welcome Ctr. V. Brown*, 466 U.S. 147, 149-50 (1984)).

The EEOC issued its right-to-sue notice on December 30, 2016. Because it is unknown when Smith received this letter, this Court assumes that receipt occurred three days later, on January 2, 2017. *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 3 (4th Cir. 1999). Consequently, Smith had until April 2, 2017, to file his Complaint. He did not file his Complaint until June 1, 2017, sixty days after the limitations period had expired. The U.S. Court of Appeals for the Fourth Circuit "has held that the 90-day filing deadline is to be strictly enforced." *Carter v. Montgomery Cty. Recreation Dept.*, 2013 WL 6858873, at *3 (D. Md. Dec. 27, 2013) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987)). "The mere fact that [a] plaintiff is proceeding *pro se* does not provide an excuse for non-compliance with the

5

filing deadline. *Shelton v. Atlantic Bingo Supply Co.*, 2011 WL 4985277, at *2 (D. Md. Oct. 17, 2011). Because Smith did not comply with the ninety-day deadline, his claim is time barred.[5]

### C. Smith Fails to State a Claim Under Which Relief Can Be Granted

Even if Smith had complied with the ninety-day filing deadline, the Court would dismiss his complaint because he fails to state a claim for an ADA violation under any theory he articulates.

#### 1. Violation of the ADA

Smith posits that Amazon violated 42 U.S.C. § 12112(4)(A), which states: "[a] covered entity shall not . . . make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(4)(A). Although Smith alleges that Amazon has asked certain questions, he has stated no facts supporting a plausible inference that the inquiry was not "job-related and consistent with necessity." *Id.* Therefore, even if his Complaint were timely, Smith would fail to state a claim for an ADA violation.

#### 2. Wrongful Termination

Although not alleged in his Bill of Particulars, Smith's Complaint in the Chesterfield Circuit Court sought relief for "wrongful termination based on the questions of [Amazon's] investigation[s] which included my disability that led to my termination of my employment with Amazon." (Original Filing 6) (ECF No. 1-2.)

---

[5] Courts provide equitable tolling as an excuse to non-compliance with the deadline. *Christian*, 2003 WL 24004549, at *1. "[T]he doctrine of equitable tolling only applies 'in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id.* However, nothing in Smith's state or federal court filings could support a basis to execute equitable tolling in the case at bar.

> To establish a prima facie case of wrongful discharge [for an ADA violation], the plaintiff must show the following elements: "(1) he [or she] is within the ADA's protected class . . . ; (2) he [or she] was discharged; (3) at the time of his [or her] discharge, he [or she] was performing the job at a level that met his [or her] employer's legitimate expectations; and (4) his [or her] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.

*Wells v. BAE Systems Norfolk Ship Repair*, 483 F. Supp. 2d 497, 507 (E.D. Va. 2007).

Smith's Complaint provides no facts to support these elements. He did not allege that he was within the ADA's protected class, that he was discharged, that he was performing the job at a level that met his employer's expectations, or that his discharge occurred under circumstances raising a reasonable inference of unlawful discrimination. Consequently, Smith's factual allegations do not suffice to raise a right to relief above the speculative level, meaning that he fails to state a claim of wrongful termination under the ADA. *See Twombly*, 550 U.S. at 545.

### 3. Violation of the Sixth Amendment

Smith's claim that his Sixth Amendment rights were violated because he was "entitled to a fair trial/hearing" concerning his termination also lacks merit. (Bill of Particulars 13, ECF No. 1-2.) The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury..." U.S. Const. amend. VI. However, such rights only apply to *criminal* prosecutions, as "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431 (2011). Smith's contention that Amazon violated his Sixth Amendment rights by terminating his employment without a fair hearing must therefore fail.

### III. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 6/15/2018
Richmond, Virginia